Filed 7/8/25  P. v. Uy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHANDA UY,<br><br>        Defendant and Appellant. | C100628<br><br>(Super. Ct. Nos. STKCRFECOD20120008481, SF120975D) |

Defendant Chanda Uy was convicted of charges related to a shooting, and his sentence included the upper term on the principal count and the associated firearm enhancement.  Defendant appeals from the trial court's 2024 denial of his petition for

1

resencing under Penal Code[1] section 1170.[2] We will dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, defendant pled guilty to shooting at an occupied dwelling or vehicle (§ 246) and admitted a firearm enhancement (§ 12022.5, subd. (a)). He also pled guilty to unlawfully possessing an assault weapon (§ 30605), participating in a criminal street gang (§ 186.22, subd. (a)), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)).

The trial court sentenced defendant to prison for an aggregate term of 17 years 8 months, including the upper term for the section 246 conviction and the associated firearm enhancement.

On December 26, 2023, defendant filed a "PETITION FOR RESENTENCING PURSUANT TO PENAL CODE SECTION 1170." Citing Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) and its amendments to section 1170,[3] defendant argued that he was entitled to relief because the upper term had been imposed even

---

[1] Undesignated statutory references are to the Penal Code.

[2] The parties refer in their briefs to a reporter's transcript that is not a part of the record on appeal. These references are stricken or disregarded.

[3] Effective January 1, 2022, Senate Bill 567 amended section 1170 to generally provide for midterm sentences and prohibit upper term sentencing unless the circumstances in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3); see also California Rules of Court, rule 4.421 [setting forth circumstances in aggravation that a court may consider in sentencing].)

Section 1170 also now contains a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense, including if the defendant is younger than 26 years old (or was at the time of the crime) or suffered trauma. (§ 1170, subd. (b)(6)(A) & (B).)

though he had not stipulated to any aggravating factors, nor had any been found true beyond a reasonable doubt, as now required under section 1170, subdivision (b)(2). Defendant further argued that he was now entitled to the low term under section 1170, subdivision (b)(6) because he was a youth at the time of his crimes and had suffered trauma. In addition, defendant asked the trial court to preserve evidence related to his background and character, pursuant to section 3051 and *People v. Franklin* (2016) 63 Cal.4th 261.

On January 17, 2024, the trial court issued a written order stating: "After having reviewed and considered the Petition for Resentencing pursuant to Penal Code Section 1170 filed on December 26, 2023," it is hereby ordered "DENIED."

Defendant timely appealed.

## DISCUSSION

We turn first to whether the trial court's January 2024 order was appealable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) An order made after judgment is appealable only if it affects a defendant's substantial rights. (§ 1237, subd. (b).)

In general, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Prior to January 2022, one exception to this common law rule was former section 1170, subdivision (d)(1). (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) This former provision granted trial courts discretion to recall and resentence a defendant within 120 days of his or her commitment to custody.

3

(Former § 1170, subd. (d)(1).)  Courts could also do so at any time upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings.  (*Ibid.*)  However, effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to what is now section 1172.1.[4]

Defendant filed his petition for resentencing in December 2023, long after the recall and resentencing provisions had been moved to section 1172.1.  This means when defendant filed his petition "PURSUANT TO PENAL CODE SECTION 1170," that provision did not authorize the trial court to recall or resentence him.  Given that the trial court did not have jurisdiction to recall defendant's sentence under section 1170, the trial court's January 17, 2024, order is nonappealable, and we must dismiss the appeal for lack of jurisdiction.  (See *People v. King*, *supra*, 77 Cal.App.5th at p. 634 [" '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed' "]; see also *id.* at p. 640, fn. 6 ["if the trial court has no jurisdiction, no appeal lies"].)

In apparent recognition of this situation, defendant attempts to reframe the issue by pointing to the amendments to section 1172.1 that became effective on January 1, 2024, before the trial court issued its January 2024 order.  (Stats. 2023, ch. 446, § 2.) Defendant contends that under these amendments, the trial court "on its own motion" could recall and resentence a defendant " 'at any time if the applicable sentencing laws at

---

[4]  Assembly Bill No. 1540 originally moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to former section 1170.03, and the Legislature subsequently renumbered former section 1170.03 to section 1172.1.  (Stats. 2022, ch. 58, § 9.)

4

the time of original sentencing are subsequently changed by new statutory authority or case law. (§ 1172.1, subd. (a)(1).)' "

According to defendant, even though he asked for resentencing under section 1170, the trial court should have realized it now had discretion to do so under section 1172.1 based on the changes to section 1170, subdivision (b)(2), (b)(3), and (b)(6) that went into effect after he was originally sentenced in 2016. Defendant argues remand is required to allow the trial court to "consider the petition under the correct resentencing statute." Defendant notes he submitted evidence of "substantial efforts in rehabilitation," and contends it is unclear whether the trial court would have denied his petition if it was aware of its discretion under section 1172.1.

Even if we were to accept defendant's contention that the trial court was obligated to construe defendant's petition as one under section 1172.1 instead of under section 1170 or misunderstood that it could initiate a recall and resentence on its own motion, we would still conclude the court's order is not appealable because the court had no statutory obligation to respond to defendant's petition. Under section 1172.1, subdivision (c), "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

As this court recently explained in *People v. Roy* (2025) 110 Cal.App.5th 991, petition for review pending, petition filed May 30, 2025, S291146, the second sentence of section 1172.1, subdivision (c) establishes that a defendant has "no right to a decision" on an unauthorized petition seeking resentencing under section 1172.1, and, a trial court's decision declining to act on such a petition does not affect the defendant's substantial rights under section 1237, subdivision (b). (*Roy*, at p. 998; accord, *People v. Hodge* (2024) 107 Cal.App.5th 985, 996; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696-697.)

For the reasons stated in *Roy*, *Faustinos*, and *Hodge,* even if defendant's contentions have merit, we would still dismiss defendant's appeal because the trial court's 2024 order denying defendant's petition for resentencing is nonappealable.

**DISPOSITION**

The appeal is dismissed.

/s/
WISEMAN, J.*

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
FEINBERG, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.